NO. 07-07-0452-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 22, 2008

______________________________

DARRIN JAY CROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 106
TH
 DISTRICT COURT OF LYNN COUNTY;

NO. 06-2794; HONORABLE CARTER T. SCHILDKNECHT, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND

Appellant, Darrin Jay Crooks, appeals his conviction for possession, with intent to deliver, a controlled substance (cocaine) in an amount of four grams or more but less than 200 grams and sentence of 30 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  On February 8, 2008, the clerk’s record was filed in this cause.  Our review of the clerk’s record reveals that the certification of defendant’s right to appeal is not signed by appellant nor does it inform appellant of his right to file a pro se petition for discretionary review.  
Tex. R. App. P. 
25.2(d).
(footnote: 1)
 A trial court’s certification of defendant’s right to appeal must be included in the appellate record, but the certification may be added by amendment, supplement, or order of this court.  
Tex. R. App. P
. 25.2(d).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings.  The trial court is directed to amend or supplement the certification to bring it into compliance with the present requirements.  
See
 
Tex. R. App. P. 
 25.2(a)(2), (d).  Furthermore, the trial court shall cause the certification manifesting its decision to be included in a supplemental clerk’s record, which shall be filed with the clerk of this court on or before March 17, 2008.  Should the trial court require more time to comply with the directions of this Court, it must request an extension prior to March 17, 2008.

Accordingly, the appeal is abated and the cause is remanded for further proceedings.

Per Curiam

Do not publish.  

FOOTNOTES
1: Rule 25.2(d) was amended to require that a defendant be informed of any right to file a pro se petition for discretionary review, sign the certification and receive a copy of the certification.  The amendment became effective September 1, 2007.